UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES FRANKLIN SNYDER,<br><br>               Plaintiff,<br><br>vs.<br><br>BRAD LITTLE,<br><br>               Defendant. | Case No. 1:23-cv-00176-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

       On August 4, 2023, the Court issued an Order requiring Plaintiff James Franklin Snyder to file an amended complaint, correcting the deficiencies in the original Complaint, no later than 30 days after entry of that Order. Dkt. 12. Plaintiff instead filed an interlocutory appeal. Dkt. 13. The United States Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal because no final order had been issued in this case. Dkts. 17, 19. The Supreme Court of the United States denied Plaintiff's petition for writ of certiorari. Dkts. 18, 20.

       On February 20, 2024, Plaintiff filed an Amended Complaint. Dkt. 22. In the Amended Complaint, Plaintiff sues Governor Brad Little, asserting that Governor Little allowed Idaho deputy attorneys general to alter and falsify Plaintiff's court and public

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

records. Plaintiff alleges that the attorneys added false information to Plaintiff's records, including child molestation and rape charges from the state of Washington. Plaintiff asserts that the attorneys' acts constitute federal domestic terrorism and hate crimes under 18 U.S.C. § 1001, as well as slander and defamation. Plaintiff seeks $50 million in damages and expungement of the wrongful records from his court and public records.

Plaintiff has not stated a claim against Governor Little. Plaintiff will be given leave to file a second amended complaint if facts exist to support a cognizable cause of action.

### 1. Personal Participation Requirement

Plaintiff has stated no allegations showing that Governor Little knew of the falsification of records *at the time of the occurrence* or that he was actually involved in the falsification of records. The theory of liability called "respondeat superior"—that a person is liable merely for being the supervisor of a defendant who caused the plaintiff injury—does not apply to federal civil rights claims. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Rather, a person may be held liable as a supervisor under § 1983 if (1) he or she had "personal involvement in the constitutional deprivation," or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (punctuation altered and citation omitted).

If Plaintiff has facts showing that Governor Little had personal knowledge of the acts as they were occurring and yet refused to stop them, or that he was personally

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

involved in the alleged wrongdoing as it was occurring, Plaintiff may file an amended complaint. However, if Plaintiff's only facts related to Governor Little are that he did not respond to requests of Plaintiff and his mother to resolve the record errors after the fact, then Governor Little should not be included as a defendant.

### 2. Quasi-Judicial Immunity

Plaintiff's claims against the state attorneys general may be barred by the doctrine of quasi-judicial immunity. Federal appellate courts have repeatedly ruled that a prosecutor is entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *See*, *e.g.*, *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965). Tasks that are an integral part of the criminal justice process include initiating and pursuing a criminal prosecution, *Imbler*, 424 U.S. at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), and participating in probable cause hearings, *Burns v. Reed*, 500 U.S. 478 (1991).

Quasi-judicial immunity does not apply when a prosecutor is "performing investigatory or administrative functions" or when "essentially functioning as a police officer or detective." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Quasi-judicial immunity is also available for attorneys general for conduct related to their state litigation duties in civil suits. *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001).

Here, it is impossible to tell what function the attorney generals were performing when they allegedly falsified Plaintiff's criminal history records. He will be given leave to file a second amended complaint with more factual allegations, including the "who, what, why, when, where, and how" of each alleged violation.

### 3. Required Showing of a Liberty Interest in Accurate Prison Records

Here, Plaintiff is alleging that his Idaho prison or criminal records contain false information about his criminal history. The mere presence of allegedly false information in a convicted felon's prison records does not, without more, violate his constitutional rights or state a cognizable claim under § 1983. *Aguilar v. Superior Ct. of California*, No. 119CV01802NONEEPG, 2020 WL 5891392, at *5 (E.D. Cal. Oct. 5, 2020), *report and recommendation adopted sub nom. Aguilar v. Superior Ct. of California, Cnty. of San Bernardino*, No. 119CV01802NONEEPGPC, 2020 WL 7342690 (E.D. Cal. Dec. 14, 2020); *Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir. 1997) (holding that there are no procedural safeguards protecting a prisoner from false accusations; a prisoner may challenge false records only if made in retaliation for a prisoner's exercise of constitutional rights); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (holding that prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," so long as they are "not ... deprived of a protected liberty interest without due process of law.").

Rather, a plaintiff must provide facts showing he has a liberty interest in having his criminal history record corrected. Such an interest may arise from a state statute or the

Fourteenth Amendment Due Process Clause. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). This inquiry raises the question of what use Plaintiff desires to make of his records.

Preliminarily, the Court notes that, if Plaintiff is asserting that the false charges should not have been used to support imposition of the current criminal sentence he is serving, his claim may be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply that a plaintiff's conviction or sentence is invalid, he must first prove that the conviction or sentence has been overturned before the civil rights action can proceed. *Id.* Consequently, a civil rights claim for damages that, if successful, would imply that the conviction or sentence is invalid is not cognizable under § 1983. *Id.* If success would *not* imply invalidity of a conviction or sentence, "the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted); *Edwards v. Balisok*, 520 U.S. 641 (1997) (applying same principle to civil rights actions challenging deprivation of prison good-time credits that would otherwise shorten an inmate's sentence).

If Plaintiff is asserting that his record should be corrected so that the parole board does not have the false charges before it when deciding whether Plaintiff is suitable for parole, he does not have a liberty interest in such a claim. There is no liberty interest in parole eligibility arising from the United States Constitution. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979); *Swarthout v. Cooke,* 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5**

conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.").

Neither is there a liberty interest in parole arising from Idaho state law. Federal courts must look to decisions of the highest state court to determine whether there is a state-created liberty interest in parole. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006). In *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court held that, as a result of the Idaho statutory scheme's language, in Idaho "parole is not an automatic right or liberty interest." *Id*. at 908.

Plaintiff will be required to clarify the purpose of his request to correct his criminal history record if he files a second amended complaint so that the Court can determine whether a liberty interest lies.

### 4. Criminal Statute not a Basis for a Cause of Action

Plaintiff believes the state attorneys general violated a federal criminal statute. However, "a private party may not enforce criminal statutes through a civil action." *Florence v. Buchmeyer*, 500 F. Supp. 2d 618, 635 (N.D. Tex. 2007) (citing *U.S. v. Nixon*, 418 U.S. 683, 693 (1974)). "Only a prosecutor can file criminal charges against a citizen...." *Jones v. Harris*, 665 F. Supp. 2d 384, 404 (S.D.N.Y. 2009). "The presence of a criminal statute neither creates nor implies a corresponding private right of action." *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citing *U.S. v. Wadena*, 152 F.3d 831, 845-46 (8th Cir. 1998)). Plaintiff must not include any federal statute as the basis for liability in his second amended complaint.

5.  **Plaintiff's Motion for Help**

Plaintiff has filed a Motion entitled "Motion for Help" and, alternatively, "Motion: IDOC Road Blocked all Legal Access to Courts since 10-15-2022 No Law Library Etc." Dkt. 21. In his motion, Plaintiff asserts that he and his mother have been filing "complaints" with the Idaho Attorney General and Governor Brad Little; and that Plaintiff and his mother submitted statements in this federal district court case, in the appeal from this case, and in a federal case in the Western District of Washington, CV 2:23-cv-00831-TSZ-TLF—all to no avail. Dkt. 21, pp. 1-2. Plaintiff attempted to bring his evidence, including videos, through the J-pay system in the prison, but unknown officials of the Idaho Department of Correction (IDOC) "shut off" his law library access on October 15, 2022, making it impossible to "win his cases" or even be heard. *Id.*, p. 2. He asserts that IDOC has moved him 30 times, disrupting his cases. *Id.*

Plaintiff speculates that IDOC officials may have taken these actions to stop him from exposing government wrongdoing, which would state a retaliation claim. *See Hines*, *supra*. However, Plaintiff has clearly identified the government wrongdoing (except the alleged falsification of his criminal records), has not included the names of such defendants, and has not stated any reasons why IDOC officials who stopped his library access or moved him had a personal interest in protecting these particular attorneys general. The Court cannot act on allegations against a person not a party to a court action. If Plaintiff desires to bring such claims, he must identify the IDOC officials, set forth additional facts showing why they would want to "cover up" the wrongdoing of the state attorneys general, and state facts showing how IDOC staff knew of the attorney general

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 7

wrongdoing. If Plaintiff has no such facts, he should omit these allegations from his second amended complaint.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 14) is DENIED as MOOT. Plaintiff already has been granted in forma pauperis status. *See* Dkt. 9.

2. Plaintiff's Motion to Stay (Dkt. 16) is DENIED as MOOT. The appeal has concluded, and a mandate has been issued, permitting this action to proceed.

3. Plaintiff's Motion for Help (Dkt. 21) is GRANTED to the extent that he may file another amended complaint; it is DENIED to the extent that it seeks other "help," such as a "court investigation" into state attorney general or IDOC wrongdoing, which is not a function of the federal judicial branch of government.

4. Plaintiff may not proceed on his Amended Complaint because he has failed to state a claim upon which relief can be granted. He must file a second amended complaint correcting the deficiencies set forth above within **30 days** after entry of this Order, or his case will be dismissed. Alternatively, he may file a notice of voluntary dismissal if he has insufficient facts to support his claims against the defendants, using the law and guidelines provided in this Order and the Initial Review Order.

5. Plaintiff's Affidavit that contains facts and argument intended to support his closed Court of Appeals case (Dkt. 24) is STRICKEN. If he desires to ask the

United States to pursue a criminal or civil action against Idaho officials, he must contact the United States attorney general.

DATED: May 3, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 9